```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE E. HARGROVE,              :    CIVIL ACTION
                                    :    NO. 16-4508
        Plaintiff,                  :
                                    :
     v.                             :
                                    :
NANCY A. BERRYHILL, ACTING          :
COMMISSIONER OF SOCIAL SECURITY,    :
                                    :
        Defendant.                  :
```

**O R D E R**

**AND NOW**, this **2nd** day of **February, 2018**, after reviewing Plaintiff's Request for Review of the decision of the Commissioner of Social Security (ECF No. 12), the Commissioner's response (ECF No. 13), the Plaintiff's reply (ECF No. 15), and the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (ECF No. 16), there being no objections,[1] it is

---

[1] When neither party files timely objections to a magistrate judge's report and recommendation ("R&R") on a dispositive issue, the district court is not required to review the R&R before adopting it. Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). However, the Third Circuit has held that "in the absence of objections . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also Fed. R. Civ. P. 72, 1983 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

hereby **ORDERED** that:

    1.    The Report and Recommendation is **APPROVED** and **ADOPTED**;

    2.    Plaintiff's Request for Review is **DENIED**.[2]

---

recommendation."). In that neither party has filed objections to the R&R, this Court has reviewed it for clear error and has found none.

[2] The ALJ denied Plaintiff's claim for disability insurance benefits after concluding that she had failed to establish a severe impairment significantly limiting her ability to do basic work activities. See 20 C.F.R. § 404.1520(a)(4)(ii), (c). Establishing the existence of a severe impairment is a rather low burden for disability claimants. See McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). When there is a doubt as to the severity of the impairment(s), the Court should err on the side of the claimant. Id. (citing Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546-47 (3d Cir. 2003)). Magistrate Judge Rueter's R&R correctly notes that a denial of benefits at this stage should "raise a judicial eyebrow" due to the low bar imposed on claimants at this stage of the proceedings. ECF No. 16 at 10.

Here, however, Plaintiff has failed to introduce evidence establishing that she had a severe impairment during the time period between her alleged disability onset date and her date late insured (from November 11, 2011 to June 30, 2012). See id. at 13-14 (noting that the vast majority of evidence in the record pointed to impairments both before and after the relevant time period, and that evidence of impairments *during* the relevant time period did not rise to the level of severe).

The ALJ's decision is reviewed for substantial evidence. See 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012). As stated, a Magistrate Judge's R&R to which there were no objections is reviewed for clear error. Henderson, 812 F.2d at 878. Plaintiff cannot overcome the substantial deference given to the ALJ's opinion and the Magistrate Judge's R&R in this case.

3. The Commissioner's decision denying Plaintiff's claim for benefits is **AFFIRMED**;

4. The Clerk of Court shall remove this case from suspense and mark the case as **CLOSED.**

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**